UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| **ESTATE OF GRAYSON JAMES–ALLEN PAINTER, et al.** | Case No.: 6:24–cv–02042–AB |
|---|---|
| Plaintiff, | |
| v. | TRIAL MANAGEMENT ORDER |
| **STATE OF OREGON, et al.** | |
| Defendant. | |

**BAGGIO, District Judge:**

    Trial documents are due according to the following schedule, subject to any modifications by the Court. The charts below specify which documents must be filed in CM/ECF and/or provided to the Court. This document also contains guidance and the Court's expectations about the parties' duty to confer before the pretrial conference.

    The Pretrial Conference is set at 01:30 PM on 6/1/2026 in Portland Courtroom 14B.

    The Trial – Jury is set to begin at 09:00 AM on 6/8/2026 in Eugene.

### FIRST WAVE OF DOCUMENTS DUE 28 DAYS BEFORE THE PRETRIAL CONFERENCE

| Item | Description | Filed?[1] | Copy?[2] |
|---|---|---|---|
| Itemized List of Economic Damages | Specify damages sought and how such damages will be proven –– i.e., through which exhibits and/or witness testimony. | Yes | Yes |
| Proposed Joint Jury Instructions | In addition to a paper copy, the parties shall jointly submit **one single** Word document of the jury instructions they would like the Court to give the jury. That single document should contain **all** of the necessary instructions, with all of the elements and relevant facts of the case filled in. Do not leave any placeholders for the Court to fill in. The document should include an index. Insert page breaks between instructions and between contested versions of the same instruction. *See* Example #1 for format[3] | Yes | Yes – and e–mail a Word version to courtroom deputy |

---

[1] File this item in CM/ECF.

[2] Provide a copy to the Court. All Judge's paper copies of trial documents shall be three–hole punched and are to be submitted to the clerk's office the same day the original document is filed.

[3] All examples in this trial management order can be found on Judge Baggio's webpage: ord.uscourts.gov/baggio.

| | | | |
|---|---|---|---|
| | If there is a disagreement between the parties as to an instruction, for each disputed instruction, include 1) the Ninth Circuit Model Jury Instruction or other model instruction, if applicable; 2) Plaintiff's preferred instruction version under a header highlighted in yellow; 3) Defendant's preferred instruction version under a header highlighted in blue. Each party is to include a succinct explanation for its preferred instruction and citations to legal authority. If either party disagrees that a proposed instruction should be given, indicate that under the appropriate header. | | |
| Proposed Verdict Form | Each party shall submit a proposed verdict form. | Yes | Yes |

### SECOND WAVE OF DOCUMENTS DUE 21 DAYS BEFORE THE PRETRIAL CONFERENCE

| Item | Description | Filed? | Copy? |
|---|---|---|---|
| Joint Neutral Statement of Case | The parties shall exchange their proposed neutral statement of the case, confer regarding the proposed neutral statement of the case, and submit one joint neutral statement. | Yes | Yes |
| Trial Memoranda | The parties shall each prepare a summary of all material, factual and legal contentions along with the elements of each claim and/or defense. Trial memoranda are limited to 15 pages without leave of the Court. | Yes | Yes |
| Motions *in Limine* | All motions *in limine* shall be filed as sub–parts within a single document not to exceed 20 pages without leave of court. Conferral is required. *See* Local Rule 7–1. | Yes | Yes |
| Proposed Voir Dire Questions | The parties shall submit an agreed–upon list of questions for the Court to consider asking in addition to basic biographical questions. If there are questions on which the parties could not agree, the parties should list those questions at the bottom of the agreed–upon list with a one sentence explanation of the dispute and a one–sentence response (if necessary). As reasonable, the Court will allow each party an opportunity to ask follow–up questions, limited to the topics of approved questions and juror answers. Jurors shall be referred to by badge numbers during voir dire. | Yes | Yes |
| Exhibits and Joint List of Exhibits and Objections to Exhibits | JOINT LIST OF EXHIBITS AND OBJECTIONS:<br><br>The parties are ordered to jointly file a proposed exhibit list that identifies:<br><br>    1. all stipulated exhibits that may be received without objection; and | **DO NOT FILE EXHIBITS**<br><br>Only file Joint List of Exhibits and Objections to Exhibits | Yes |

| | | | |
|---|---|---|---|
| | 2. all remaining exhibits to be offered by any party and a summary statement of the bases for all objections to any proffered exhibit and a one–line summary statement of the response to the objection.<br><br>*See* Example #2 for format.<br><br>Parties are to confer to avoid duplicating exhibits. Even if an exhibit is preadmitted, if it is not published to the jury during trial, it must be removed from the exhibits sent back for deliberation. Parties are advised that the Court generally only preadmits exhibits that are stipulated to by all parties.<br><br>EXHIBIT COPIES<br><br>**Parties should provide the Court with both physical and electronic Judge's copies of exhibits. The physical Judge's copy of all exhibits shall be placed into separate, three–hole binders with clearly marked index tabs, numbered for each exhibit. The electronic Judges' copies should be submitted on a thumb drive.**<br><br>Plaintiff's exhibits shall be numbered on yellow exhibit stickers starting with "1". Defendant's exhibits shall be numbered on blue exhibit stickers starting with "501".<br><br>The case number shall be printed on each exhibit sticker. Each exhibit shall be paginated. | | |
| Joint Witness List | Jointly file a witness list that identifies all proposed trial witnesses and indicates:<br><br>1. all witnesses whose testimony may be received without objection;<br>2. all other witness testimony that will be the subject of objection together with: (a) a concise summary of the challenged testimony, (b) a one–line statement of the admissible purposes for which that challenged testimony is proffered, (c) a one–line summary statement of the bases for all objections to that proffered testimony, and one–line responses to any objections; and<br>3. an estimate of the time necessary to complete the testimony of each witness.<br><br>If a witness is to be called by both sides, the parties are directed to confer as to the most efficient and fair presentation of testimony. The Court expects all witnesses to testify in person, subject to Federal Rule of Civil Procedure 43(a). | Yes | Yes |

| | | | |
|---|---|---|---|
| | For each witness, denote whether the witness will testify as a lay witness or expert witness.<br><br>• For lay witnesses: list all parties, corporate representatives, and other witnesses to be called, showing names and occupations if relevant.<br>• For expert witnesses, supply a short summary of the expert's qualifications and proffered testimony. | Yes | Yes |
| Identify Deposition Testimony Used In Lieu of Live Testimony | If any party intends to use a deposition <u>instead of live testimony</u> under Federal Rule of Civil Procedure 32, the party shall file a list identifying the deposition that it plans to use and explain how Federal Rule of Civil Procedure permits the use of the deposition testimony.<br><br>For any deposition designation sought to be admitted, the parties shall confer and develop a chart that briefly sets out any objections to the admission of that testimony. This chart shall include 1) a column specifying the disputed portion of testimony, 2) a brief description of the objections, 3) a response to those objections, and 4) a blank column for the Court's decision. This shall be filed along with the relevant portions of the transcript(s) in dispute. The parties shall jointly submit one chart that includes entries for any objected−to deposition testimony to be designated. | Yes | Yes |

**THIRD WAVE OF DOCUMENTS IS DUE 14 DAYS BEFORE THE PRETRIAL CONFERENCE**

| Item | Filed? | Copy? |
|---|---|---|
| Responses to motions *in limine*, in a single document not to exceed 15 pages without leave of court. | Yes | Yes |
| Impeachment Witnesses or Exhibits: Names and statements of impeachment witnesses, and/or copies of impeachment exhibits shall be sealed and delivered to the court. | **<u>DO NOT FILE</u>** | Yes – to Court Only |

**DUE TWO BUSINESS DAYS AFTER FILING OF THE THIRD WAVE:**

| Item | Description | Filed? | Copy? |
|---|---|---|---|
| Joint Ruling Chart – Motions *in Limine* | The parties shall prepare and submit to the Court an agreed−upon chart of all motions in limine which the Court is to consider (*see* Example #3 for format).<br><br>**NOTE:** If rulings on motions *in limine* relate to objections to witnesses and /or exhibits, please cross−reference. | No | Yes – e−mail to the courtroom deputy in Word format |

**PRETRIAL CONFERENCE:** During the pretrial conference, be prepared to discuss the following:

  a. Exhibit and witness objections;
  b. Preadmission of Exhibits
  c. What, if any, technological aids will be used to display exhibits to the jury;
  d. Deposition testimony objections;
  e. Motions *in limine;*
  f. Voir dire matters;
  g. Jury instructions;
  h. Verdict form; and,
  i. Settlement and/or mediation efforts.

## TWO BUSINESS DAYS AFTER THE PRETRIAL CONFERENCE:

Reflecting the rulings at the pretrial conference, the parties shall file: (1) an updated exhibit list; (2) a joint list of all anticipated trial witnesses' names; (3) an updated Joint Ruling Chart; and (4) Jury Evidence Recording System ("JERS") thumb drive.[4]

The updated exhibit list shall contain four columns to the right of the exhibit description labeled: "Stipulated," "Preadmitted," "Offered," and "Received," in that order. Exhibit lists containing supplemental exhibits must be captioned as First/Second/Third Amended Exhibit List and must list the proposed exhibits as well as all previous exhibits (*see* Example #4 for format). Impeachment exhibits shall be identified on the exhibit list simply as "Impeachment Exhibit" with no further description. If a previously numbered exhibit is amended per a ruling of the Court or agreement of the parties, parties are to add that amended exhibit to the end of the list with a new number, instead of replacing the exhibit under the same number. As an illustration, if Plaintiff's Exhibit #6 is amended due to agreed–upon redactions, the newly redacted exhibit will be added to the end of Plaintiff's list with a new number and will not replace the original Exhibit #6.

**As noted above, even when an exhibit is preadmitted, it will not remain in evidence for the jury to consider unless it was used during trial and properly submitted to the jury.** The parties are responsible for ensuring that the exhibits that are in evidence at the end of trial were used during trial.

**No exhibits or testimony will be received into evidence at trial, nor will any amended pleadings or supplemental jury instructions be accepted unless presented in accordance with this Order. Late submissions will not be accepted absent a strong showing of good cause balanced against any prejudice to the opposing party.**

For further information on trial procedures, please refer to the Trial Court Guidelines for the District of Oregon at ord.uscourts.gov/trial–court–guidelines.

**IT IS SO ORDERED.**

**DATED** this 17th day of April, 2025          /s/Amy M. Baggio

                                                Honorable Amy M. Baggio
                                                United States District Judge.

---

[4]Separate order to follow with instructions for providing the electronic exhibits specifically for JERS. For trials in Pendleton, the parties do not need to prepare a JERS thumb drive. Counsel shall bring an additional physical copy of their respective exhibit binder for the jury.