IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE ESTATE OF GRAYSON JAMES-
ALLEN PAINTER and JENNIFER
PAINTER, *Personal Representative*,

        Plaintiffs,

      v.

STATE OF OREGON; TIMOTHY
DYER; JOSHUA AHN; RAYMOND
GARGALICANA; EMILY ASAY;
KATHLEEN UNDERWOOD; KELLEN
MARKHAM; SCOTT BREWER;
ROBERT CLOKEY; JOHN CAUDLE;
ZACHARY CLARK; ANTHONY ASAY;
RN KING; and JEREMY WAGNER,

        Defendants.

Case No. 6:24-cv-02042-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Following the suicide of Mr. Grayson James-Allen Painter while incarcerated at Oregon State Correctional Institution ("OSCI"), First Am. Compl. ("FAC") ¶ 5, ECF No. 43, Plaintiffs, The Estate of Grayson James-Allen Painter and Jennifer Painter, bring this case against Defendants State of Oregon, Timothy Dyer, Joshua Ahn, Raymond Gargalicana, Emily Asay, Kathleen Underwood, Kellen Markham, Scott Brewer, Robert Clokey, John Caudle, Zachary Clark, Anthony Asay, RN King, and Jeremy Wagner. Plaintiffs bring claims for deliberate indifference to a serious medical need and substantial risk under 42 U.S.C. § 1983, wrongful death, and abuse of a vulnerable person. FAC ¶¶ 55-72.

Plaintiffs move to compel production of the named Defendants' complete employment files. Pls.' Mot. Compel ("Pls.' Mot.") 2, ECF No. 53. Plaintiffs further request that the Court find Defendants in contempt of the Court's discovery order and order Defendants to pay costs and attorneys' fees associated with redoing depositions of Defendants. *Id.* at 6. For the following reasons, the Court grants in part and denies in part Plaintiffs' Motion to Compel.

## BACKGROUND

On July 10, 2025, pursuant to Rule 34, Plaintiffs served their First Request for Production to Defendants. Pls.' Mot. 2 (citing Bland Decl. Ex. 1, ECF No. 54). Plaintiffs requested, among other things, "the complete employment file for each named defendant, including but not limited to disciplinary reports and training logs." Bland Decl. Ex. 1, at 3 (Request No. 1). On August 11, 2025, Defendants responded to Request No. 1:

> State Defendants object to this Request as overly broad, unduly burdensome, seeking documents not proportional to the needs of the case, and seeking documents not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding objections, State Defendants will produce any written discipline issued to State Defendants that is related to the case and presently contained within

their employment files as per relevant union contracts, as well as State Defendants'
training logs.

Bland Decl. Ex. 2, at 3. Thereafter, the parties submitted a discovery dispute to the Court, and

on September 24, 2025, the Court held a status conference on that dispute. *See* Minutes of

Proceedings, ECF No. 47. Following the status conference, the Court ordered Defendants, by

October 8, 2025, "(1) to produce all documents responsive to Plaintiffs' First Request for

Production . . . or (2) otherwise amend Defendants' Response . . . to clearly state which

documents do not exist and why such documents no longer exist." Order, ECF No. 47. Plaintiffs

subsequently emailed Defendants a list of specific items Defendants needed to produce,

including employment files associated with Plaintiffs' First Request for Production, Request No.

1. *See* Bland Decl. Ex. 3.

On October 8, 2025, Defendants amended their response to Plaintiffs' First Request for

Production but maintained their response to Request No. 1: "State Defendants stand on the

objection provided in response to [Plaintiffs'] First Request for Production of Documents."

Bland Decl. Ex. 4, at 3.[1] Also on October 8, 2025, Defendants produced the training logs of

named Defendants and some records of disciplinary investigations related to Mr. Painter. Defs.'

Resp. Pls.' Mot. ("Defs.' Resp.") 3, ECF No. 61. Defendants subsequently produced additional

records relating to disciplinary investigations on October 15, 2025, October 24, 2025, November

4, 2025, and November 5, 2025. *Id.* Defendants assert that production in this case is ongoing and

that responsive records are being sent as soon as they become available and are processed.

*Id.* at 5. Plaintiffs, however, dispute the scope of Defendants' production. *See* Pls.' Mot. 2

---

[1] The Court notes that Request No. 1 from Plaintiffs' First Request for Production, Bland
Decl. Ex. 1, at 3, corresponds to Request No. 3 from Defendants' amended response, *see* Bland
Decl. Ex. 4, at 3.

(seeking the production of complete employment files of named Defendants). This motion followed.

## STANDARDS

Under Rule 26(b)(1):

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Court has "broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevant discovery "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). However, the Court must limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[,] . . . the party seeking discovery has had ample opportunity to obtain the information by discovery[,]" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(c).

Under Rule 37(a)(3)(B)(iv), if a party "fails to produce documents[,]" the "party seeking discovery may move for an order compelling . . . production . . . ." Fed. R. Civ. P. 37(a)(3)(B)(iv). "The party seeking to compel discovery has the burden of establishing that its request satisfies the requirements of Rule 26(b)(1), while the party opposing discovery has the

burden of showing that discovery should not be allowed." *Updike v. Clackamas Cnty.*, No. 3:15-CV-723-SI, 2016 WL 11782507, at *1 (D. Or. June 21, 2016).

## DISCUSSION

Plaintiffs move the Court for an order directing Defendants to produce the complete employment files of named Defendants, including all disciplinary reports and investigations—regardless of their connection to Plaintiffs' case. Pls.' Mot. 4-5; Pls.' Reply ISO Pls.' Mot. ("Pls.' Reply") 2, ECF No. 64. Plaintiffs argue that such material is discoverable because it may "provide potential impeachment evidence, evidence that goes to the subjective element of Plaintiffs' deliberate indifference claim, and supervisors' notice of problematic behavior by their staff." Pls.' Mot. 4. Plaintiffs also argue that such material is discoverable because one Defendant admitted to falsifying a document on the day of Mr. Painter's passing, an allegation not denied in Defendants' Response. Pls.' Mot. 4; Defs.' Resp. 4. Defendants object to such production as irrelevant and as containing sensitive and protected confidential information, including "protected leave information, personally identifiable information . . . , and records of disciplinary investigations that go way beyond the time period of this case, and do not implicate any of the investigation that came about as a result of Mr. Painter's death." Defs.' Resp. 3-4. The Court finds that, considering Plaintiffs' claims, production of the complete employment files of named Defendants is beyond the scope of Rule 26(b)(1). The Court, however, orders that Defendants produce all employment files of named Defendants, including disciplinary reports and investigations, (1) related to Mr. Painter or mental health crises, suicides, or suicide attempts of individuals incarcerated, or previously incarcerated, at OSCI, or (2) documenting

substantiated allegations involving dishonesty by any of the named Defendants. Accordingly, the Court grants in part and denies in part Plaintiffs' Motion to Compel.[2]

"[T]o prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This includes both an objective and subjective element. *Id.* Under the objective element, "a plaintiff must demonstrate the existence of a serious medical need." *Id.* And under the subjective element, a plaintiff must demonstrate that the prison official knew of and disregarded "an excessive risk to inmate health and safety." *Id.* (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiffs allege that Defendants were deliberately indifferent to Mr. Painter's serious medical need, i.e., his mental health crisis and persistent mental illness, by placing him in solitary confinement, failing to assess his head trauma, failing to move him to a higher level of care, failing to initiate suicide watch precautions after he demonstrated self-harm, failing to address the camera failure in his cell, failing to regularly monitor him while he was in a double-door cell, punishing him, failing to intervene when other officials were exercising deliberate indifference towards him, and encouraging his suicide. FAC ¶ 57. In light of these allegations, and the substantive requirements of Plaintiffs' deliberate indifference claim, *see Farmer*, 511

---

[2] The Court declines to find Defendants in contempt of the Court's September 24, 2025, Order. *See* Order, ECF No. 47. In addition, the Court reserves ruling on the request for Defendants to pay the costs and reasonable attorneys' fees associated with Plaintiffs redoing of Defendants' depositions at this time.

U.S. at 837 (deliberate indifference requires that "the official knows of and disregards an excessive risk to inmate health or safety"), the Court finds that all employment files of named Defendants, including disciplinary reports and investigations, (1) related to Mr. Painter or mental health crises, suicides, or suicide attempts of individuals incarcerated, or previously incarcerated, at OSCI, or (2) documenting substantiated allegations involving dishonesty by any of the named Defendants, are discoverable. Such material "bears on, or . . . reasonably could lead to other matter that could bear on" Plaintiffs' claims. *Oppenheimer Fund, Inc.*, 437 U.S. at 351.

Correspondingly, all employment files of named Defendants, including disciplinary reports and investigations, unrelated to (1) Mr. Painter, (2) mental health crises, suicides, or suicide attempts of individuals incarcerated, or previously incarcerated, at OSCI, and (3) substantiated allegations involving dishonesty by any of the named Defendants, are not discoverable. Production of such material is burdensome and unlikely to lead to the "discovery of admissible evidence." *Surfvivor Media, Inc.*, 406 F.3d at 635 (internal quotations marks omitted). Moreover, such material likely contains official information, the disclosure of which is outweighed by the burden on Defendants. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (explaining that "[g]overnment personnel files are considered official information" and may be privileged if the potential disadvantages of disclosure outweigh the potential benefits).[3]

///

///

---

[3] To the extent Defendants are concerned that production consistent with the Court's Opinion and Order may lead to the disclosure of sensitive and protected confidential information, Defendants are directed to confer with Plaintiffs on possible redactions or designations pursuant to the Stipulated Protective Order. *See* Stipulated Protective Order, ECF No. 39.

## CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Compel [53]. Defendants are ordered to produce all employment files of named Defendants, including disciplinary reports and investigations, (1) related to Mr. Painter or mental health crises, suicides, or suicide attempts of individuals incarcerated, or previously incarcerated, at OSCI, or (2) documenting substantiated allegations involving dishonesty by any of the named Defendants. Defendants must do so no later than December 1, 2025.

IT IS SO ORDERED.

DATED this ___21st___ day of November, 2025.

_____
AMY M. BAGGIO
United States District Judge